UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DE'MARIAN CLEMONS,  )
      #48085         )
                     )
       Plaintiff,    )         2:10-cv-01163-KJD-PAL
                     )
vs.                  )
                     )         **ORDER**
M.D. ROBERT CLINTON HAYES, *et al.*, )
                     )
       Defendants.   )
_____/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

1  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson
2  v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

3  Dismissal of a complaint for failure to state a claim upon which relief may be granted is
4  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
5  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under
6  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,
7  232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the
8  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
9  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
10 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a
11 suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard,
12 the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex
13 Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
14 plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

15 Allegations in a *pro se* complaint are held to less stringent standards than formal
16 pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
17 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
18 Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
19 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
20 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
21 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
22 allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever
23 v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24
25
26

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at High Desert State Prison ("HDSP") has sued Dr. Robert Clinton Hayes, Dr. Gable, Nurse Rhuyoa, Naphcare, and Nurse Elizabeth Acevedo. Plaintiff asserts that while at Clark County Detention Center ("CCDC") he suffered from gastrointestinal issues for which he had had surgery prior to his detention as well as other medical problems. Plaintiff claims that defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff alleges the following: that he has repeatedly complained of pain in his stomach and abdomen as well as constipation and that Dr. Hayes has not treated plaintiff's pain. Dr. Hayes has prescribed a variety of medication including one that eased his pain temporarily but did not stop the bleeding. Dr. Hayes stated that plaintiff refused to take the medication, which was untrue. When plaintiff was seen by Dr. Gable and Dr. Hayes on March 23, 2009, Dr. Gable went along with Dr. Hayes' diagnosis without investigating further. Dr. Hayes has treated plaintiff for asthma, blood pressure and kidney issues but apparently has not seen plaintiff for his stomach problems since April 2009, despite plaintiff's medical kites. Due to cost, Naphcare refused to transport plaintiff to the hospital for tests until a state court ordered Naphcare to do so.

Plaintiff also alleges the following with respect to a fall on September 12, 2009. He fell and hit his head on his cell floor; apparently he allegedly passed out due to low blood pressure. Nurse Acevedo told the officers that plaintiff just needed some fresh air and that she had checked his blood pressure earlier. Nurse Acevedo failed to assess plaintiff's vital signs after the incident, and because she did not report the incident, plaintiff had to kite medical and did not receive medical attention for three days. Plaintiff claims that since the incident he has suffered from headaches, dizziness and mental anguish.

1    While not entirely clear from the complaint, it appears that plaintiff was a pretrial
2 detainee at CCDC. Medical care claims by pretrial detainees are analyzed under the Due Process Clause
3 of the Fourteenth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998). The same standard
4 applies to a pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment as to
5 a prisoner's claim under the Eighth Amendment. *Id*.

6    The Eighth Amendment prohibits the imposition of cruel and unusual punishments and
7 "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*
8 *v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not
9 constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate
10 indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an
11 objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently
12 serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298
13 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails
14 more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.
15 *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the
16 official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

17    In applying this standard, the Ninth Circuit has held that before it can be said that a
18 prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.
19 Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
20 *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.
21 "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does
22 not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does
23 not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429
24 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.*
25 *Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*,
26 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish

1  deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th
2  Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
3  deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

4  Delay of, or interference with, medical treatment can also amount to deliberate
5  indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898,
6  905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,
7  1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d
8  1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133,
9  (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the
10 prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner
11 must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at
12 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

13 With his allegations in count I that after repeated kites and requests, Dr. Hayes failed to
14 treat plaintiff's gastrointestinal problems, he states an Eighth Amendment medical claim.

15 In count II, plaintiff claims that Dr. Hayes, Dr. Gable and Nurse Rhuyoa failed to treat
16 plaintiff's gastrointestinal problems. The claims against Dr. Hayes in count II appear to be duplicative
17 of count I, in that plaintiff complains again that the medication prescribed by Dr. Hayes failed to
18 alleviate plaintiff's symptoms. To the extent that count II is duplicative of count I, it is dismissed.
19 Plaintiff does not claim any specific action or inaction by Nurse Rhuyoa and count II is dismissed as to
20 Nurse Rhuyoa. Nurse Rhuyoa is dismissed from this action. Count II states an Eighth Amendment
21 medical claim against Dr. Gable.

22 Count III is duplicative of counts I and II and is dismissed.

23 In count IV plaintiff claims that Naphcare made a decision to transfer plaintiff to the
24 custody of the Nevada Department of Corrections instead of to a hospital after an EKG revealed he had
25 a very slow heart rate based on cost and that that decision was "bad judgment" and "medical
26 malpractice." Plaintiff does not claim that he suffered harm from this decision. Count IV fails to state

an Eighth Amendment medical claim and is dismissed.

In count V plaintiff claims that Naphcare refused to transport him to University Medical Center for an appointment but that a week later a state court judge ordered that Naphcare arrange for an EKG to be done on plaintiff, which revealed a very slow heart rate.  Count V states an Eighth Amendment medical claim.

Count VI fails to identify any defendants, and the allegations are duplicative of counts I, II and III.  Accordingly, count VI is dismissed.

In count VII plaintiff asserts that Nurse Acevedo refused to respond to or to report the incident when informed by an officer that plaintiff had passed out and hit his head.  Count VII states an Eighth Amendment medical claim.

In count VIII plaintiff alleges that Nurse Acevedo was "very unprofessional" during pill call on September 25, 2009 and informed plaintiff that she would check his blood pressure after everyone else.  Plaintiff claims he left pill call because he was light-headed and that later another nurse took his blood pressure.  Count VIII fails to state an Eighth Amendment medical claim and is dismissed.

In count IX plaintiff alleges generally that Nurse Acevedo "neglected" him when he passed out and refers generally to his medical conditions without setting forth any specific claims.  Count IX fails to state an Eighth Amendment medical claim and is dismissed.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of De'Marian Clemons, **Inmate No. 48085** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint. (Docket #1-1).

**IT IS FURTHER ORDERED** that the following counts **may proceed** in their entirety: counts I, V, VII.

**IT IS FURTHER ORDERED** that count II **may proceed** as to defendant Gable only.

**IT IS FURTHER ORDERED** that count II is **dismissed** as to defendant Rhuyoa. Defendant Rhuyoa is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that count II is dismissed as to defendant Hayes.

**IT IS FURTHER ORDERED** that the following counts are **DISMISSED** in their entirety: counts III, IV, VI, VIII, IX.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**. The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED: October 27, 2010.

_____
UNITED STATES DISTRICT JUDGE