# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DE'MARIAN CLEMONS, | |
| Plaintiff, | Case No. 2:10-cv-01163-KJD-GWF |
| vs. | **ORDER** |
| ROBERT CLINTON HAYES, *et al.*, | Motion to Stay (#31) and Motion to Strike (#33) |
| Defendants. | |

This matter is before the Court on Defendants Elizabeth L. Acevedo's Motion to Stay Discovery in Light of the Pending Motion to Dismiss, or, in the Alternative, Motion to Extend All Discovery Deadlines for an Additional 120 Days (#31), filed April 27, 2011, and Plaintiff's Motion to Strike All Portions of the Defendants Reply to Plaintiff's Complaint Under Fed. Rule of Civil Procedure 60(a) (#33), filed May 12, 2011.

On October 27, 2010, Plaintiff filed his complaint, which alleges that Defendant Elizabeth Acevedo violated his Eighth Amendment rights in her capacity as a nurse at Clark County Detention Center ("CCDC").[1] (#5). Plaintiff De'Marian Clemons alleges that he fell and hit his head on his cell floor on September 12, 2009 after he allegedly passed out due to low blood pressure. (*Id.*) When Nurse Acevedo was informed about the incident, she allegedly refused to respond to or to report the incident. (*Id.*) Instead, Acevedo allegedly told officers at CCDC that Clemons just needed some fresh air and that she had checked his blood pressure earlier. (*Id.*) Acevedo allegedly failed to assess Plaintiff's vital signs after the incident, and because she did not report the incident, Plaintiff did not receive medical attention for three days. (*Id.*) Clemons

---

[1] The complaint included additional claims against Nurse Acevedo, but the Court dismissed all claims asserted against Acevedo except for the Eighth Amendment claim stated in Count VII. (*See* #4).

claims that since the incident he has suffered from headaches, dizziness and mental anguish.  (*Id.*)

Based on these allegations, Plaintiff filed claims against Acevedo for 1) medical malpractice/negligence, 2) violation of the physician-patient privilege and 3) violation of the Eighth Amendment protection from cruel and unusual punishment.  (#5 at 11).

## **DISCUSSION**

Defendant Acevedo moves to stay all discovery in this case pending the decision on her motion to dismiss (#18).  Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion.  In *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6 (D.Nev. 1997), the court, quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989), stated:

> To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir.1981), *cert denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *B.R.S. Land Investors v. United States,* 596 F.2d 353 (9th Cir.1979). (emphasis added).
>
> * * *
>
> Finally, a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when **jurisdiction, venue, or immunity** are preliminary issues. (citation omitted)

*Turner Broadcasting* further stated:

> "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal. 1990).
>
> "The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461." *Id.* Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of success on the motion. This would circumvent the procedures for the resolution of such a motion. *Id.* Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value. *Id.* Such does not appear to be the case here.

. . .

1    Federal district courts in the Eastern and Northern Districts of California apply a two-part
2 test in evaluating whether discovery should be stayed. First, the pending motion must be
3 potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is
4 aimed. Second, the court must determine whether the pending, potentially dispositive motion can
5 be decided absent additional discovery. If the moving party satisfies these two prongs, the court
6 may issue a protective order. Discovery should proceed if either prong of the test is not met.
7 *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, *6 (E.D.Cal. 2011), citing other
8 decisions applying the two-part test or variations thereof.

9    The court in *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2011 WL
10 130228, *4 (E.D.Cal. 2011), states that in applying the two-part test, it must take a "peek" at the
11 merits of the pending motion in order to assess the validity of the stay of discovery motion. A
12 merely colorable defense usually will not qualify to stay discovery. Generally, there must be *no*
13 *question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a
14 waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply
15 because a non-frivolous motion has been filed. This view is consistent with *Turner Broadcasting*
16 *System, Inc. v. Tracinda Corp.* and *Twin City Fire Ins. v. Employers Insurance of Wausau.*

17    Some federal courts apply a more lenient standard in deciding whether discovery should
18 be stayed pending a decision on a potentially dispositive motion. In *GTE Wireless, Inc. v.*
19 *Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D.Cal. 2000), the district court adopted the test set forth
20 in *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997), which states that the court should
21 take a preliminary peek at the merits of the allegedly dispositive motion "to see if on its face there
22 appears to be an *immediate and clear possibility* that it will be granted." *Ameritel Inns v. Mofat*
23 *Bros. Plastering, L.C.*, 2007 WL 1792323, *4 (D. Idaho 2007) states a *clear possibility* of success
24 means that "Defendant's motion is nearly below but does not necessarily exceed a 'fifty percent
25 chance' of success." Other district courts have suggested that a stay of discovery may be granted
26 where the potentially dispositive motion "'appears to be not unfounded in the law.'" *Brooks v.*
27 *Macy's, Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010).
28    . . .

1    While a more lenient standard may avoid the burden and expense of discovery in cases
2 that are ultimately dismissed on the pleadings, this Court concludes that it should continue to
3 abide by the stricter standard set forth in *Turner Broadcasting and Twin City, supra.*  First, these
4 decisions are consistent with long standing Ninth Circuit case law and have not been rejected or
5 modified by other judges in this District.  Second, as the court in *Gray v. First Winthrop*
6 *Corporation*, 133 F.R.D. 39, 40 (N.D.Cal. 1990) stated, motions to dismiss are a frequent part of
7 federal practice.  In the post *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)
8 era, this statement is even more true.  An overly lenient standard for granting motions to stay all
9 discovery is likely to result in unnecessary discovery delay in many cases.  This is particularly true
10 where no discovery requests have yet been served and the court lacks the ability to assess the
11 breadth of the discovery and the prejudice, if any, that a defendant will suffer in responding to the
12 requests.  *See Brooks v. Macy's, Inc.* at *2.  This Court also believes that the two-part test applied
13 in the Eastern and Northern Districts of California provides the appropriate framework for
14 deciding motions to stay discovery pending the decision on a motion to dismiss or similar motion.

16    Therefore, the Court will examine the merits of Defendant's motion to dismiss (#18) in
17 order to assess the validity of the stay of discovery motion.

18    **1.    Medical Malpractice / Negligence**
19    Acevedo argues that Plaintiff's state law medical malpractice claim is barred because
20 Plaintiff failed to attach an affidavit from a medical expert to his complaint as required by NRS
21 41A.071.  (#18 at 4).  The Nevada Supreme Court held in *Borger v. Eighth Judicial Dist. Court*
22 *ex rel.*, 102 P.3d 600 (2004) that a plaintiff's complete failure to attach an affidavit to a complaint
23 alleging medical malpractice "mandates dismissal".  *Id.* at 605.  NRS 41A.071 states that the
24 court "*shall* dismiss the action, without prejudice," indicating that dismissal for failure to attach a
25 medical expert affidavit is mandatory.  Therefore, the Court finds that there is little question as to
26 whether Plaintiff's medical malpractice claim will be dismissed and a stay is warranted if
27 Plaintiff's remaining claims will be dismissed.
28    . . .

4

**2.     Physician-Patient Privilege**

Plaintiff argues that Acevedo violated physician-patient privilege on September 12, 2009 when Defendant disclosed Plaintiff's medical information to an officer at CCDC. (#5 at 11). Specifically, when an officer called Acevedo to discuss the incident where Plaintiff fell down, Defendant disclosed to the officer that she had checked Plaintiff's blood pressure earlier and Plaintiff was "okay". (*Id.*)  The complaint does not identify the legal basis for Plaintiff's claim, but he appears to be arguing that Acevedo violated NRS 49.225, NRS 49.235 or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by disclosing his medical information to the officer at CCDC.[2] In the motion to dismiss, Defendant contends that the relevant privilege statutes do not convey a private right of action and that Plaintiff's claim should be dismissed.

To the extent that Plaintiff raises his claim under HIPAA, the Court will likely dismiss the claim because the Ninth Circuit has clearly established that "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Similarly, both the Nevada Supreme Court and the Ninth Circuit have held that NRS 49.215 and 49.225 "establish a physician-patient privilege, not a private right of action." *Miller v. McDaniel*, 124 Fed.Appx. 488, 490 (9th Cir. 2005); *see also Ashokan v. State Dep't of Ins.*, 109 Nev. 662, 856 P.2d 244, 248 (1993).  Therefore, the Court finds that it is likely that Plaintiff's claim of a violation of the physician-patient privilege will be dismissed.

**3.     Eighth Amendment Deliberate Indifference**

A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the

---

[2] In his response to the pending motion to dismiss, Plaintiff still does not identify the legal basis for his claim that his physician-patient privilege was violated. (*See* #23 at 2-3).  Instead, he simply states that Nevada statutes are "inapplicable to Federal 1983 claims". (*Id.*)

inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839, 114 S.Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

In Count VIII of Plaintiff's complaint, he alleges that Acevedo was deliberately indifferent to his medical needs after the September 12, 2009 incident where he allegedly passed out and fell to the ground. (#5 at 11). Plaintiff alleges that after Clemons fell, Acevedo told an officer that Clemons should get some fresh air because she had "checked his blood pressure earlier" and the plaintiff was "okay". (*Id.*) When Clemons later requested Tylenol pills and informed the nurse that he had a bad headache, Acevedo allegedly did not recheck Plaintiff's vital signs, temperature or blood pressure. (*Id.*) In addition, Plaintiff contends that the defendant never reported the incident to the other medical staff. (*Id.*)

Upon review of these allegations, it is unlikely that the court will find that Defendant Acevedo's actions rose to the level of deliberate indifference because Plaintiff's allegations do not demonstrate more than potential medical negligence. The allegations in the complaint do not show that Acevedo knew of and disregarded an excessive risk to Plaintiff's health and safety. According to Plaintiff, Acevedo had checked his blood pressure earlier the same day and there is no allegation that Acevedo knew that Plaintiff required further medical treatment after the fall. As a result, it is unlikely that Plaintiff's Eighth Amendment claim will survive the pending motion to dismiss. Because it appears that all of the claims against Defendant Acevedo are subject to dismissal, a stay of discovery is appropriate.

In addition, the Court will deny Plaintiff's Motion to Strike All Portions of the Defendants' Reply to Plaintiff's Complaint Under Federal Rule of Civil Procedure 60(a) (#33). While Plaintiff entitles the filing as a "motion to strike," it is actually a response to Defendant's motion to stay asking that the Court not stay the action. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Elizabeth L. Acevedo's Motion to Stay Discovery in Light of the Pending Motion to Dismiss, or, in the Alternative, Motion to Extend All Discovery Deadlines for an Additional 120 Days (#31) is **granted in part**. Discovery in this action is **stayed** pending the Court's ruling on Defendant's motion to dismiss (#18).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike All Portions of the Defendants Reply to Plaintiff's Complaint Under Fed. Rule of Civil Procedure 60(a) (#33) is **denied**.

**IT IS FURTHER ORDERED** that the hearing scheduled on Defendant Elizabeth L. Acevedo's Motion to Stay Discovery (#31) for Friday, May 27, 2011 at 9:30 a.m. is **vacated**.

DATED this 26th day of May, 2011.

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**