# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| De'MARIAN CLEMONS, | |
| Plaintiff, | Case No. 2:10-cv-01163-KJD-PAL |
| v. | **ORDER** |
| ROBERT CLINTON HAYES, M.D.; GABLE, M.D.; NAPHCARE; and ELIZABETH L. ACEVEDO, | |
| Defendant/ Respondent. | |

Presently before the Court is Defendant Elizabeth L. Acevedo's Motion to Dismiss (#18). Plaintiff filed a Response in opposition (#23) to which Defendant replied (#27).

**I. Procedural History**

On October 27, 2010, Plaintiff De'Marian Clemons ("Clemons") filed the present Complaint (#5) against health care professionals at the prison where Clemons was incarcerated. Three counts of the Complaint contain claims against a nurse at the prison, Defendant Elizabeth L. Acevedo ("Acevedo"): Count VII, Count VIII, and Count IX. On October 27, 2010, the Court dismissed Counts VIII and IX in their entirety (#4). Clemons' only remaining claims against Acevedo are within Count VII. Therein, Clemons asserts that Acevedo was negligent and violated his physician-

patient privilege and his Eighth Amendment rights. Acevedo has moved to dismiss all remaining claims against her, including Clemons' request for injunction.

**II. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

///

**A.  Negligence**

Acevedo asserts that this claim should be dismissed because Clemons did not file an affidavit supporting his allegations as required under NRS 41.071.  Pro se litigants are not held to the same standard as admitted or bar licensed attorneys.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Pleadings by pro se litigants, regardless of deficiencies, should only be judged by function, not form.  Id.  Therefore, Clemons' failure to attach an affidavit to his Complaint is inconsequential and not grounds for dismissal.

Clemons' negligence claim is governed by NRS 41A.015 because it is undisputed that Nurse Acevedo is a provider of healthcare.  Under NRS 41A.015, "'Professional negligence' means a negligent act or omission to act by a provider of health care in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death."  See, e.g., Fierle v. Perez, 219 P.3d 906, 911 (Nev. 2008).

Clemons bases his negligence claim on three allegations against Acevedo.  First, he alleges that one night after he fell while using the bathroom, Nurse Acevedo recommended to the attending guard that Clemons be allowed to get some fresh air and told the guard that Clemons would be fine because she had checked his blood pressure earlier.  Second, he alleges that the day after his fall he approached Nurse Acevedo while she was dispensing pills to inmates and he asked her for some Tylenol, but she declined.  Third, he alleges that a few weeks later while Nurse Acevedo was dispensing pills, he approached her and asked her to check his blood pressure.  She told him she would check his blood pressure when she was done with other inmates, however Acevedo did not check his blood pressure because Clemons chose to leave and go back to his room.  A few hours later another nurse checked his blood pressure instead.  Clemons argues that Acevedo was negligent because she should have checked his vitals, temperature, and blood pressure, "just in case he passed out."  He claims to now suffer from headaches.

Here, Clemons does not allege that Acevedo's recommendation that he get some fresh air after his fall, her decision not to give him Tylenol on one occasion, or her request that he wait until

3

1  she checked other inmates before she checked his blood pressure caused him any injury.  Rather, he
2  argues that she should have acted differently because he may have passed out.  Because he does not
3  allege facts that support a claim that Acevedo caused him harm, Clemons has failed to state a claim
4  for which relief can be granted.  Accordingly, the negligence claims against Acevedo are dismissed.

### B. Physician-Patient Privilege

Clemons asserts that Acevedo violated the physician-patient privilege.  Clemons does not specify under which law he is bringing his claim, but the relevant Nevada statute is NRS 49.225, which states:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications among the patient, the patient's doctor or persons who are participating in the diagnosis or treatment under the direction of the doctor, including members of the patient's family.

Here, Clemons has not mentioned any confidential communications which Acevedo may have disclosed nor any confidential communications between him and Acevedo in general.  Therefore, Clemons has failed to state a claim for which relief can be granted under NRS 49.225.

If Clemons is attempting to state a federal claim under the Health Insurance Portability and Accountability Act or 1996 ("HIPPA"), it must be dismissed because "HIPPA itself provides no private right of action." Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010).  Accordingly, the physician-patient privilege claims against Acevedo are dismissed.

### C. Eight Amendment

Clemons asserts that Acevedo violated his Eight Amendment rights based on the same facts he relies upon for his negligence claim.

In order for an inmate to support a claim under 42 U.S.C. §1983 against individual medical providers, he must demonstrate "deliberate indifference" on the part of medical personnel. Estelle v. Gambler, 429 U.S. 97, 104 (1976).  Deliberate indifference is defined as the "unnecessary and wanton infliction of pain." Id.  "In the medical context, an inadvertent failure to provide medical care cannot be said to constitute an 'unnecessary and wanton infliction of pain' or to be 'repugnant to the

4

conscience of mankind.'" Id. at 105-106; Wilson v. Seiter, 501 U.S. 294 (1991).   The test for deliberate indifference is: (1) that the indifference could result in further significant injury; and (2) that there was a purposeful act or failure to respond to prisoner's pain or medical need which resulted in harm. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "[I]n order to prove a claim of deliberate indifference to a serious medical need based on an alleged delay or interference with medical treatment, a prisoner must show that he suffered substantial harm by the delay." Turner v. County of Washoe, 759 F.Supp 630 (D. Nev. 1991).

Here, just as with his negligence claim, Clemons fails to allege any harm caused by Acevedo. Clemons makes no allegations suggesting that some harm could have been prevented had Nurse Acevedo acted the way Clemons wanted her to, as opposed to completing her duty of attending to other inmates who waited in line.  Additionally, Clemons admits that Acevedo, along with the rest of the prison's medical staff, regularly and frequently attended to many of his more serious health complaints.  Clemons has failed to state a claim for which relief can be granted.  Accordingly, the Eighth Amendment claims against Acevedo are dismissed.

### III. Request for Injunction

Clemons' prayer requests injunctive relief requiring Defendants to provide proper medical treatment.  Clemons has since been transferred to another prison facility at which Nurse Acevedo does not work.  A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496 (1969).  Since Clemons is no longer confined at the prison where Acevedo works, his request for an injunction is moot and cannot be granted.

### IV. Prejudice

When there are no facts which can be proven under amendment to the pleadings that will constitute a sufficient claim, an amendment would be futile and the claims should be dismissed with prejudice. See Miller v. Rykoff-Sexton Inc., 845 F.2d 209, 214 (9th Cir. 1988).  Here, Clemons does not allege any facts that support a claim that Acevedo caused him harm and further, he has provided

no facts whatsoever that indicate the plausibility of a physician-patient privilege claim. Accordingly, the Court finds that any amendment to the claims against Acevedo would be futile.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Elizabeth L. Acevedo's Motion to Dismiss (#18) is **GRANTED with prejudice**;

DATED this 25th day of July 2011.

_____
Kent J. Dawson
United States District Judge