# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DE'MARIAN CLEMONS,

    Plaintiff,

v.

M.D. ROBERT CLINTON HAYES, *et al.*,

    Defendants.

Case No. 2:10-CV-01163-KJD-GWF

**ORDER**

    Before the Court is Plaintiff De'Marian Clemons's Motion for Reconsideration (#45).

    A plaintiff may seek reconsideration pursuant to Fed. R. Civ P. 59(e) or 60(b). However, this type of relief is warranted only if "extraordinary circumstances" exist. Maraziti v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995), citing Ackermann v. United States, 340 U.S. 193, 199-201, 71 S.Ct. 209, 212-13, 95 L.Ed. 207 (1950); Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir.1984). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti, at 52 F.3d 255; Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).

1   Plaintiff is representing himself pro se.  Courts must liberally construe the pleadings of pro se
2  parties.  See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, "pro se
3  litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of
4  record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).
5   On July 18, 2012, the Court provided notice (#41) that Plaintiff's complaint would be
6  dismissed if Plaintiff failed to provide proof of service of the complaint on Defendants Hayes,
7  Gable, and Rhuyoa (collectively "the Defendants").  On August 8, 2012, Plaintiff filed a response
8  (#42) to the Court's notice.  Plaintiff submitted copies of subpoenas issued to the Defendants, but
9  failed to provide valid proof of service of summons and complaint as required be Fed. R. Civ. P. 4.
10  On January 16, 2013, the Court issued an Order (#43) dismissing the complaint and noted that
11  subpoenas were not the proper form of service in a civil case.
12   Plaintiff's Motion for Reconsideration merely reasserts Plaintiff's contention that his
13  complaint should not be dismissed because the subpoenas constituted adequate service.  As
14  explained previously, they did not.  Accordingly, reconsideration is denied.
15   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#45) is **DENIED**.
16   DATED this 28th day of March 2013.

_____
Kent J. Dawson
United States District Judge